USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA J. VAUGHN,

                Plaintiff,

-against-

SUPERINTENDENT D. HOWARD;
SERGEANT D. DePAOLO; CORRECTION
OFFICER B. RODRIGUEZ; CORRECTION
OFFICER CARINCI,

                Defendants.

---

21-CV-4537 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* action alleging that Defendants subjected him to two manual body cavity searches and violated his religious freedom rights. Plaintiff brings his claims using a state court complaint form, but in light of his *pro se* status, the Court construes Plaintiff's allegations as asserting federal constitutional claims and claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. By order dated June 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

### A.   Service on Defendants

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1]   Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Howard, DePaolo, Rodriguez, and Carinci through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

2

B.   **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Request for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

# CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Howard, DePaolo, Rodriguez, and Carinci, and deliver to the U.S. Marshals Service all documents necessary to effect service on the defendants.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   June 22, 2021
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

---

[2]   If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

# DEFENDANTS AND SERVICE ADDRESSES

1. Superintendent D. Howard
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788

2. Sergeant D. DePaolo
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788

3. Correction Officer B. Rodriguez
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788

4. Correction Officer Carinci
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, NY 12788